1  Eric H. Gibbs (State Bar No. 178658)
   ehg@girardgibbs.com
2  Dylan Hughes (State Bar No. 209113)
   dsh@girardgibbs.com
3  Matthew B. George (State Bar No. 239322)
   mbg@girardgibbs.com
4  **GIRARD GIBBS LLP**
5  601 California Street, 14th Floor
   San Francisco, California 94108
6  Telephone: (415) 981-4800
7  Facsimile: (415) 981-4846

8  George A. Hanson
9  (*pro hac* application forthcoming)
   hanson@stuevesiegel.com
10 Richard M. Paul III
11 (*pro hac* application forthcoming)
   paul@stuevesiegel.com
12 Ashlea G. Schwarz
   (*pro hac* application forthcoming)
13 ashlea@stuevesiegel.com
14 **STUEVE SIEGEL HANSON LLP**
   460 Nichols Road, Suite 200
15 Kansas City, MO 64112
   Telephone: (816) 714-7100
16 Facsimile: (816) 714-7101

17
18 *Attorneys for Plaintiff and Class*
   *Representative Eric Rubaker*

19            **UNITED STATES DISTRICT COURT**
20          **NORTHERN DISTRICT OF CALIFORNIA**
                **SAN JOSE DIVISION**
21
22 ERIC RUBAKER, *et al.,* individually and on
   behalf of other similarly situated persons,
23
24                      Plaintiffs,
   v.
25
26 SPANSION, LLC; SPANSION, INC.,
27                      Defendants.
28

Case No. **C09   00842** HRL

**COMPLAINT FOR DAMAGES FOR VIOLATION OF THE WORKER ADJUSTMENT AND RETRAINING NOTIFICATION ACT (29 U.S.C. § 2101 et. seq.; Cal. Labor Code § 1400 et seq.)**

**DEMAND FOR JURY TRIAL**

**CLASS ACTION**

FILED

2009 FEB 2⁵  A 11: 56

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

1   Plaintiff Eric Rubaker, individually and on behalf of all others similarly situated, for his

2   Complaint against defendants Spansion, LLC and Spansion, Inc., states as follows:

3                          **JURISDICTION AND VENUE**

4       1.      This Court's jurisdiction is based on 28 U.S.C. § 1331 as well as 29 U.S.C. §§ 2102,

5   2104(a)(5) and California Labor Code § 1404 of the Worker Adjustment and Retraining Notification Act

6   (the United States and California Worker Adjustment and Retraining Notification Acts are referred to

7   herein collectively as "WARN Act" unless otherwise stated) (29 U.S.C. § 2101 *et. seq.*; California Labor

8   Code § 1400 *et. seq.*).

9       2.      Venue in this district is proper under 28 U.S.C. § 1391(b) and (c), and section 5(a)(5) of

10  the WARN Act (29 U.S.C. § 2104(a)(5)) because Defendants do business in this district, are

11  headquartered in this district, and the acts constituting the violation of the WARN Act complained of

12  occurred, and the claim arose in, this district.

13                         **INTRADISTRICT ASSIGNMENT**

14      3.      This case should be assigned to the San Jose Division per Local Rule 3-2(e) because

15  Defendants are headquartered in Santa Clara County and a substantial part of the acts constituting the

16  violation of the WARN Act complained of, occurred, and the claim arose in, Santa Clara County.

17                                **PARTIES**

18      4.      Plaintiff Eric Rubaker was a full-time employee of Defendants who, in addition to other

19  substantial employee benefits, earned regular compensation and was damaged by Defendants' acts in

20  violation of the WARN Act.

21      5.      Defendant Spansion, LLC is a Delaware limited liability company that manufactures

22  computer memory chips and is registered to do business in the state of California.

23      6.      Defendant Spansion, Inc. is a Delaware corporation that manufactures computer memory

24  chips and is registered to do business in the state of California.

25      7.      Defendants Spansion, LLC and Spansion, Inc., (collectively "Defendants"), are a single

26  employer in that, based on information and belief, they share common ownership, corporate directors

27  and officers, and corporate headquarters in California. Defendants have fully integrated and

28  interdependent business operations and share personnel policies that emanate from a common source.

1

## FACTS

2      8.      Plaintiff was employed full time as a plant maintenance specialist at Defendants'

3   Sunnyvale, California manufacturing facility and corporate headquarters.

4      9.      On or about February 23, 2009, Defendants announced that they would be terminating

5   employees. Plaintiff was terminated and, on information and belief, at least 50 employees were

6   terminated, effective immediately.

7      10.     Plaintiff, and all other similarly situated persons, were terminated by Defendants

8   beginning on or about February 23, 2009, and did not receive the notice required by the WARN Act.

9                            ## CLASS ACTION ALLEGATIONS

10      11.     Plaintiff brings this action as a class action under Federal Rule of Civil Procedure 23(a),

11   (b)(1) and (3) and the WARN Act (29 U.S.C. § 2104(a)(5); Cal. Labor Code § 1404).

12      12.     Plaintiff brings this action on behalf of himself and all other similarly situated employees.

13   Plaintiff seeks to represent a Class initially defined as: "All of Defendants' employees that were

14   terminated from employment on or about February 23, 2009 or in the 30 days following that date

15   without 60 days advance written notice required by the WARN Act."

16      13.     Plaintiff and class members are "affected employee(s)" subject to an "employment loss,"

17   as those terms are defined in the WARN Act, 29 U.S.C. § 2101(a)(5) and (6).

18      14.     Plaintiff and class members are "employees" at a "covered establishment" subject to a

19   "mass layoff" and/or "termination" as those terms are defined in the California WARN Act, California

20   Labor Code § 1400(h), (a), (d) and (f), respectively.

21      15.     Plaintiff's claims satisfy the numerosity, commonality, typicality, adequacy and

22   superiority requirements of a class action.

23      16.     The members of the class exceed 100 in number, and joinder is therefore impracticable.

24   The precise number of class members and their addresses are readily determinable from the books and

25   records of Defendants.

26      17.     There are common questions of fact and law as to the class that predominate over any

27   questions affecting only individual class members. The questions of law and fact common to the class

28   arising from Defendants' actions include, without limitation, the following:

a.   Whether the provisions of the WARN Act apply;

b.   Whether Defendants' employee terminations on or about February 23, 2009, and within 30 days thereafter, constitute a "plant closing" "termination" and/or "mass layoff" under the WARN Act;

c.   Whether Defendants failed to provide the notices required by the WARN Act (29 U.S.C. § 2102(b); Cal. Labor Code § 1401);

d.   Whether Defendants can avail themselves of any of the provisions the WARN Act permitting lesser periods of notice;

e.   The appropriate formulae to measure damages under the WARN Act (29 U.S.C. § 2104(a); Cal. Labor Code § 1402); and

f.   The appropriate definitions and formulae to measure payments to potentially offset damages under the WARN Act (29 U.S.C. § 2104(a)(2); Cal. Labor Code § 1402).

18.   The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the WARN Act claims.

19.   A class action is the superior method for the fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of class members to protect their interests.

20.   Plaintiff is an affected employee who was terminated by Defendants on or about February 23, 2009, without the notice required by the WARN Act. He is thereby a member of the class. Plaintiff is committed to pursuing this action and has retained counsel with extensive experience prosecuting complex wage, employment and class action litigation. Accordingly, Plaintiff is an adequate representative of the class and has the same interests as all of its members. Further, Plaintiff's claims are typical of the claims of all members of the class, and Plaintiff will fairly and adequately

3

1 protect the interests of the absent members of the class.

2     21.   Further, class action treatment of this action is authorized and appropriate under the

3 WARN Act (29 U.S.C. § 2104(a)(5); Cal. Labor Code § 1404), which clearly provides that a plaintiff

4 seeking to enforce liabilities under the WARN Act may sue either on behalf of his or her self, for other

5 persons similarly situated, or both.

6 **COUNT I**

7 **Violations of the United States Worker Adjustment and Retraining Notification Act**

8     22.   Plaintiff reasserts and re-alleges the allegations set forth above.

9     23.   At all times material herein, Plaintiff, and similarly situated persons, have been entitled to

10 the rights, protections and benefits provided under the federal WARN Act, 29 U.S.C. § 2101 *et. seq.*

11     24.   The federal WARN Act regulates the amount of notice an employer must provide to

12 employees who will be terminated due to the employer's closing of a plant closing or mass layoffs, as

13 well as the back pay and other associated benefits an affected employee is due based on a violation of

14 the required notice period.

15     25.   Defendants were, and are, subject to the notice and back pay requirements of the federal

16 WARN Act because it is a business enterprise that employs 100 or more employees, excluding part-time

17 employees, as defined in the Act. 29 US.C. § 2101(1)(A).

18     26.   Defendants willfully violated the federal WARN Act by failing to provide the required

19 notice.

20     27.   Section 2103 of the federal WARN Act exempts certain employers from the notice

21 requirements of the Act. 29 U.S.C. § 2103(1)-(2). None of the federal WARN Act exemptions apply to

22 Defendants. Accordingly, Plaintiff and class members must receive the notice and back pay required by

23 the federal WARN Act (29 U.S.C. § 2102 and 2104).

24     28.   Plaintiff and all similarly situated employees have been damaged by Defendants' conduct

25 constituting violations of the federal WARN Act and are entitled to damages for their back pay and

26 associated benefits for each day of the violation because Defendants have not acted in good faith nor

27 with reasonable grounds to believe its acts and omissions were not a violation of the federal WARN Act.

28

4
CLASS ACTION COMPLAINT

## COUNT II

### Violations of the California Worker Adjustment and Retraining Notification Act

29.     Plaintiff reasserts and re-alleges the allegations set forth above.

30.     At all times material herein, Plaintiff, and similarly situated persons, have been entitled to the rights, protections and benefits provided under the California WARN Act, California Labor Code § 1400, *et. seq*.

31.     The California WARN Act regulates the amount of notice an employer must provide to employees who will be terminated due to the employer's layoffs, as well as the back pay and other associated benefits an affected employee is due based on a violation of the required notice period.

32.     Defendants were, and are, subject to the notice and back pay requirements of the California WARN Act because it is a covered establishment that employs 75 or more employees, excluding part-time employees, as defined in the Act. Cal. Labor Code § 1400.

33.     Defendants willfully violated the California WARN Act by failing to provide the required notice.

34.     The California WARN Act exempts certain employers from the notice requirements of the Act. None of the California WARN Act exemptions apply to Defendants. Accordingly, Plaintiff and class members must receive the notice and back pay required by the California WARN Act.

35.     Plaintiff and all similarly situated employees have been damaged by Defendants' conduct constituting violations of the California WARN Act and are entitled to damages for their back pay and associated benefits for each day of the violation because Defendants have not acted in good faith nor with reasonable grounds to believe its acts and omissions were not a violation of the California WARN Act.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, and all similarly situated employees, demand judgment against Defendants and pray for:

(1)     an order certifying that the action may be maintained as a class action under Federal Rule of Civil Procedure 23;

(2)     designation of Eric Rubaker as the representative of the class, and counsel of

1    record as Class Counsel;

2    (3)    compensatory damages in an amount equal to at least the amounts provided by

3           the WARN Act (29 U.S.C. § 2104(a); Cal. Labor Code § 1402(a));

4    (4)    reasonable attorneys' fees, costs and disbursements as allowed by the WARN Act

5           (20 U.S.C. § 2104(1)(6); Cal. Labor Code § 1404); and

6    (5)    such other relief as the Court deems fair and equitable.

7                          **DEMAND FOR JURY TRIAL**

8    Plaintiff hereby requests trial by jury of all issues triable by jury.

9

10   DATED: February 26, 2009                    Respectfully submitted,

11

12                                               **GIRARD GIBBS LLP**

13

14                                               By: _____

15                                                   Eric H. Gibbs

16                                               Dylan Hughes
                                                 Matthew B. George
17                                               601 California Street, 14th Floor
                                                 San Francisco, California  94108
18                                               Telephone:  (415) 981-4800
                                                 Facsimile:  (415) 981-4846
19

20                                               George A. Hanson
                                                 Richard M. Paul III
21                                               Ashlea G. Schwarz
                                                 **STUEVE SIEGEL HANSON LLP**
22                                               460 Nichols Road, Suite 200
                                                 Kansas City, MO 64112
23                                               Telephone: (816) 714-7100
                                                 Facsimile: (816) 714-7101
24

25                                               *Attorneys for Individual and Representative*
                                                 *Plaintiff Eric Rubaker*
26

27

28

                                     6